FILED
U.S. DISTRICT COURT
W.D.N.Y. BUFFALO

2006 APR 17  PM 12: 53

-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

GEORGE LUNNEY, 94A3321,

                    Plaintiff,

                                                           DECISION AND ORDER
          -v-                                              06-CV-0147Sr

MICHAEL F. YACKEREN, SEAN P. WHITE,
GREGORY J. HOPKINS,
THOMAS S. VALENTINO, DAVID A. LAKAS,
MICHAEL A. MARINACCIO,
THOMAS J. SCHOELLKOPF,
JAMES T. CONWAY, GLENN S. GOORD, and
DONALD A. SELSKY,
In Their Individual Capacity,

                    Defendants.

_____

## INTRODUCTION

Plaintiff, George Lunney, an inmate of the Upstate Correctional Facility, has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1) and has both requested permission to proceed *in forma pauperis* and filed a signed Authorization (Docket No. 2).  Plaintiff claims that the defendants, Corrections Officers Michael F. Yackeren, Sean P. White, Gregory J. Hopkins, Thomas S. Valentino, David A. Lakas, Corrections Sergeant Michael A. Marinaccio, Hearing Officer Thomas J. Schoellkopf, Superintendent James T. Conway, Commissioner Glenn S. Goord, and Director of Special Housing Donald A. Selsky, violated his rights when he was harassed and assaulted for filing a lawsuit against a corrections officer, then subjected to false allegations to cover-up the assault, and convicted after due process violations.  For the reasons discussed below, plaintiff's request to proceed as a poor person is granted, and his complaint may be dismissed

pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, unless plaintiff files an amended complaint as directed below.

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, plaintiff is granted permission to proceed *in forma pauperis*. Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this complaint. In evaluating the complaint, the Court must accept as true all factual allegations and must draw all inferences in plaintiff's favor. *See King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *and see Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. §§ 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)). Based on its evaluation of the complaint, the Court finds that, unless plaintiff files an amended complaint as directed below, most of plaintiff's claims must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b) because they fail to state a claim upon which relief may be granted.

Plaintiff has claimed that he was retaliated against for engaging in a protected constitutional activity, filing a lawsuit against a corrections officer. As part of these allegations, plaintiff asserts

that he was assaulted and had false disciplinary charges brought, for which he was convicted and sentenced to, among other things, recommended loss of good time.

While 42 U.S.C. § 1983 provides an avenue to present federal claims alleging that a person acting under color of state law has deprived plaintiff of constitutional rights, when a litigant seeks to challenge the fact or duration of his imprisonment, the "sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). The United States Supreme Court recently discussed the parameters of the *Preiser* exception to § 1983 actions. *Wilkinson, et al. v. Dobson, et al.*, 544 U.S. 74, 125 S.Ct. 1247 (March 7, 2005). "Throughout the legal journey from *Preiser* to *Balisok,* the Court has focused on the need to ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement--either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Wilkinson*, 125 S.Ct. 1247 (discussing *Preiser*, 411 U.S. 475; *Wolff v. McDonnell*, 418 U.S. 539 (1974); *Heck v. Humphrey*, 512 U.S. 477 (1994); and *Edwards v. Balisok*, 520 U.S. 641 (1997). "These cases, taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation)--no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)--*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson*, 125 S.Ct. at 1248. A cause of action pursuant to § 1983 cannot lie "unless ... the conviction or sentence has already been invalidated" on direct appeal or by a habeas corpus petition. *Heck v. Humphrey*, 512 U.S. at 487.

The Supreme Court specifically held in *Edwards v. Balisok*, 520 U.S. at 646 (1997), that habeas was the sole mechanism for an inmate's constitutional challenge to a prison disciplinary

3

hearing which led to a revocation of the inmate's accrued good-time credits because the "principal procedural defect complained of," namely deceit and bias on the part of the disciplinary hearing officer, "would, if established, necessarily imply the invalidity of the deprivation [the inmate's] good-time credits."   Therefore, in *Edwards* the inmate's suit for declaratory relief and damages pursuant to 42 U.S.C. § 1983 arising out of alleged procedural due process violations during the disciplinary hearing was barred by the holding in *Heck*.  In so doing, the Court explained that even though the plaintiff did not seek the restoration of his good-time credits, "a ruling in his favor on his procedural claims would necessarily vitiate the administrative decision revoking his good-time credits." *Jenkins v. Haubert*, 179 F.3d 19, 25 (2d Cir. 1999).

In the instant matter, there is no doubt that plaintiff is challenging a disciplinary hearing and conviction as retaliatory and violating due process--and that any success in this matter would necessarily imply the invalidity of the underlying disciplinary charge.   Therefore, under the circumstances here, plaintiff cannot challenge the incidents surrounding the disciplinary charge for which he was sentenced to loss of good time and seek declaratory relief and damages unless and until the recommendation has been invalidated.

It may be possible that one or more claims may survive the initial review required by 28 U.S.C. §§ 1915(e).  However, on the current record it is not possible for the Court to determine whether plaintiff states claims on which relief may be granted related to the disciplinary hearing and disposition that recommended 12 months loss of good time.  The Court will permit plaintiff to file an amended complaint in which the necessary allegations regarding this issue are included. *Davidson v. Flynn*, 32 F.3d 27, 31 (2d Cir. 1994) ("Sparse pleadings by a pro se litigant unfamiliar with the requirements of the legal system may be sufficient at least to permit the plaintiff to amend

4

his complaint to state a cause of action"); Fed.R.Civ.P. 15(a) (leave to amend "shall be freely given when justice so requires").   Plaintiff must amend his complaint to make clear whether the disciplinary hearing sentence which recommended the loss of 12 months of good time credit has been invalidated.

## CONCLUSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization, his request to proceed *in forma pauperis* is granted.  For the reasons set forth above, plaintiff's complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) unless he files an amended complaint by **May 9, 2006** in which he includes the necessary allegations regarding his claims as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Plaintiff is advised that an amended complaint is intended to <u>completely replace</u> the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977), *cert. denied sub nom., Vesco & Co., Inc. v. International Controls Corp.*, 434 U.S. 1014 (1978); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994).  Therefore, plaintiff's amended complaint must include all of the allegations against each of the defendants against whom the case is going forward so that the amended complaint may stand alone as the sole complaint in this action which the defendants must answer.

Plaintiff is forewarned that if he fails to file an amended complaint as directed, the complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).  Plaintiff is further forewarned that his right to pursue further relief in federal court at public expense will be greatly

curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B).  *See* 28 U.S.C. § 1915(g).

## ORDER

IT HEREBY IS ORDERED, that plaintiff's motion to proceed *in forma pauperis* is granted;

FURTHER, that plaintiff is granted leave to file an amended complaint as directed above by **May 9, 2006**;

FURTHER, that the Clerk of the Court is directed to send to plaintiff with this order a copy of the original complaint, a blank § 1983 complaint form, and the instructions for preparing an amended complaint;

FURTHER, that in the event plaintiff fails to file an amended complaint as directed above by **May 9, 2006**, the complaint may be dismissed with prejudice;

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

DATED: April 14, 2006
Rochester, New York

6